CENTRAL FEDERAL SAVINGS AND LOAN ASSOCIATION OF PUERTO RICO, demandante y recurrente, *v.* JOSÉ R. NOGUERA, SECRETARIO DE HACIENDA, demandado y recurrido.

Número: 557    Resuelto: 2 de octubre de 1962

*Pablo Defendini*, abogado de la recurrente; *J. B. Fernández Badillo, Procurador General, y Genoveva R. de Carrera, Procurador General Auxiliar*, abogados del recurrido.

Sala integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Rigau y y Dávila.

EL JUEZ ASOCIADO SEÑOR RIGAU emitió la opinión del Tribunal.

Este recurso plantea una situación similar a la considerada por nosotros en *First Federal* v. *Srio. de Hacienda*, 86 D.P.R. 56 (1962). Se cuestiona aquí, igual que en el caso antes mencionado, la imposición por el Estado Libre Asociado de Puerto Rico de contribuciones sobre propiedad perteneciente a una asociación federal de ahorro y préstamo

y la aplicación de la sección 5(h) de la Ley Federal de Préstamos a Dueños de Hogares (Home Owners' Loan Act of 1933) 48 Stat. 128; 12 U.S.C.A. sec. 1464(h). Esa ley fue extendida a Puerto Rico desde su origen en el año 1933 por disposición expresa del propio estatuto. 48 Stat. 134; 12 U.S.C.A. sec. 1466.

En cuanto a (1) el significado y aplicación de la mencionada sección 5(h), (2) de la naturaleza de las asociaciones federales de ahorro y préstamos, y (3) la naturaleza de la Asociación de Empleados del Gobierno de Puerto Rico, asuntos planteados por la aquí recurrente, nada tenemos que añadir a lo que dijimos en el citado caso de *First Federal* hace unos días.

Sin embargo en este recurso se levanta un punto que, aunque está mencionado en *First Federal*, creemos necesario discutirlo ahora más ampliamente ya que aquí se plantea y no se planteó en el citado caso anterior. Nos referimos a las cooperativas de crédito que pueden organizarse en Puerto Rico a tenor con la Ley de Sociedades Cooperativas de Crédito, Ley Núm. 10 de 1ro. de julio de 1947, según enmendada, 7 L.P.R.A. secs. 651 a 694, las cuales por ser instituciones sin fines de lucro están exentas del pago de contribuciones, 7 L.P.R.A. sec. 694.[1]

La citada sección 5(h) faculta a los gobiernos locales a imponerle contribuciones a las asociaciones federales de ahorro y préstamos siempre y cuando que dichas contribuciones no sean más onerosas que las que le impongan a instituciones similares locales.[2] La recurrente alega que en virtud de esa sección ella está exenta de contribuciones porque la ley de Puerto Rico que autoriza la organización de cooperativas de crédito exime a éstas del pago de contribuciones.

---

[1] El nombre oficial en inglés de esa ley es *Credit Unions Act.* V. Sec. 1 de la Ley Núm. 10 de 1ro. de julio 1947, en su texto inglés, Leyes de Puerto Rico, Cuarta Legislatura Extraordinaria de la 16a. Asamblea Legislativa, p. 40; y anotación bajo *7 Laws of Puerto Rico Annotated sec. 651.*

Si las cooperativas de crédito de las cuales aquí se trata fuesen instituciones similares a las asociaciones federales de ahorro y préstamos, la recurrente tendría razón pero la realidad es que, como veremos, se trata de instituciones diferentes, de diferente composición, de diferente funcionamiento y de diferentes propósitos y por ello la exención de las primeras no conlleva automáticamente la exención de las segundas.

En el caso principal ("leading") de *State* v. *Minnesota Federal Savings & Loan Ass'n*, 15 N.W.2d 568 (1944); el Tribunal Supremo de Minnesota tuvo ante sí una situación igual a la de autos: allí entraron en juego una contribución estatal, la misma sección 5(h) que aquí se invoca, una asociación federal de ahorro y préstamos funcionando bajo la misma ley federal que aquí está involucrada y una exención concedida por la ley del Estado a las cooperativas de crédito ("credit unions") organizadas bajo la ley estatal de cooperativas de crédito. Para hacer el caso más parecido al nuestro, la ley de Minnesota sobre cooperativas de crédito es muy parecida a la de Puerto Rico; en algunas partes sus disposiciones son iguales palabra por palabra. V. *Laws of Minnesota*, 1925, ps. 232–238 y compárese con *7 Laws of Puerto Rico Anno.* secs. 651–694. Ambas leyes son también muy parecidas a la *"Federal Credit Union Act"*, 48 Stat. 1216 (1934); 12 USCA secs. 1751–1772.([3]) Las tres tratan de la misma institución. Estas cooperativas de crédito son conocidas en los Estados Unidos como "credit unions"

([2]) Esa sección lee así:

"[N]o State, Territorial, county, municipal, or local taxing authority shall impose any tax on such associations or their franchise, capital, reserves, surplus, loans, or income greater than that imposed by such authority on other similar local mutual or cooperative thrift and home financing institutions." 12 USCA sec. 1464 (h).

([3]) No hemos encontrado nada en el historial legislativo de la ley de Puerto Rico que indique su procedencia pero su similitud con la de Minnesota es tan grande que no puede ser mera coincidencia, lo que nos hace creer que hay alguna relación entre dichas leyes y probablemente también entre esos estatutos y la ley federal.

y así las denominan las leyes estatales, la ley federal sobre la materia y el texto oficial inglés de nuestra propia ley, citado en el escolio 1.

En el citado caso de *State* v. *Minnesota Federal*, a las páginas 572–574, el tribunal hizo un detenido análisis de ambas instituciones—las cooperativas de crédito y las asociones federales de ahorro y préstamo—y llegó a la conclusión de que eran instituciones diferentes y que por lo tanto y a la luz de una razonable interpretación de la sección 5 (h), era válida la imposición de la contribución estatal sobre las asociaciones federales de ahorro y préstamos.

Dijo el Tribunal Supremo de Minnesota a la pág. 572:

"Las cooperativas de crédito se crean especialmente con el fin de proporcionar a personas de medios económicos moderados —empleados a salario, jornaleros—instituciones en donde puedan hacer préstamos para necesidades personales, como por ejemplo, gastos ocasionados por enfermedad y emergencias imprevistas."

Y añadió:

"Estamos de acuerdo con el tribunal de instancia que las diferencias entre la asociación federal de ahorro y préstamos y las cooperativas de crédito constituyen una base suficiente para que se les clasifique en forma distinta para fines contributivos."

A igual conclusión llegamos al examinar la situación de autos y la Ley de Sociedades Cooperativas de Crédito de Puerto Rico, por las razones siguientes: ■

(a) Las asociaciones federales de ahorro y préstamos, además de servir para fines de ahorro, tienen el propósito principal de proveer financiamiento para viviendas, 12 USCA sec. 1464, mientras que las cooperativas de crédito, además de estimular el ahorro, tienen el propósito principal de proveer a personas de medios económicos moderados una fuente de crédito a tipos de interés razonable para afrontar necesidades personales urgentes.  7 L.P.R.A. sec. 651; *State* v. *Minnesota, Etc.*, supra.

(b) Las cooperativas son asociaciones sin fines de lucro, 7 L.P.R.A. sec. 694, y las asociaciones federales de ahorro y préstamos son instituciones con fines de lucro, *First Federal, Etc.*, supra. ■

(c) Las cooperativas de crédito solamente podrán ser organizadas por personas que estén unidas por un interés común por razón de la labor o trabajo a que se dedican, o por lazos de asociación en alguna entidad, o por grupos de personas que residan en una vecindad definida, 7 L.P.R.A. sec. 663. Esa limitación no la tienen las asociaciones federales.

(d) Los socios de las cooperativas tienen derecho a un solo voto, no importa el número de acciones que posean y está prohibido el voto por apoderado ("proxy"), 7 L.P.R.A. sec. 665. Los miembros de las asociaciones federales pueden votar mediante apoderado y tienen tantos votos como acciones tengan, hasta un máximo de cincuenta votos. Puede apreciarse la importancia de esta diferencia en cuanto a la naturaleza y funcionamiento de cada una de esas dos clases de instituciones.

(e) Las cooperativas sólo pueden hacer préstamos a sus socios, esto es, a los que tengan ahorros en dicha institución, o a otras cooperativas de crédito en casos especiales, 7 L.P.R.A. secs. 657, 678, 679, 680. Las asociaciones federales no están así limitadas; pueden prestar sobre inmuebles, 12 USCA sec. 1464(c).

(f) Las cooperativas de crédito hacen mayormente préstamos personales pequeños mientras que las asociaciones federales de ahorro y préstamos hacen préstamos grandes con garantía hipotecaria.

(g) El propio Congreso las consideró instituciones distintas y a los efectos aprobó dos leyes distintas: la citada "Home Owners' Loan Act of 1933" bajo la cual se incorporan las asociaciones federales de ahorro y préstamos, y la antes citada "Federal Credit Union Act" de 1934. ■

Por las razones anteriormente expuestas concluimos que se trata de instituciones diferentes; que pueden ser objeto de distinto tratamiento contributivo; que la recurrente no está exenta del pago de contribuciones; y que por lo tanto el tribunal de instancia no erró al así sostenerlo. *Se confirmará la sentencia dictada por el Tribunal Superior, Sala de San Juan, en este caso en 21 de junio de 1961.*